**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 2:03-CR-19** |
| | § | |
| **COREY DOTSON** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 18, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Corey Dotson. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine Base, a class C felony. The offense carried a statutory maximum imprisonment term of not more than twenty years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. On June 12, 2004, U.S. District Judge T. John Ward sentenced Defendant to 70 months imprisonment and three years supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse. On March 7, 2008, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from any unlawful use of a controlled substance and from illegally possessing a controlled substance. In its petition, the government alleges Defendant violated his conditions of supervised release by submitting urine specimens on October 20, 2008; November 6, 2008; November 20, 2008;

December 3, 2009; and September 29, 2009, that tested positive for marijuana.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 24 months of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.4(a) of the Sentencing Guidelines, violating a condition of supervision by testing positive for marijuana would constitute a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2) Considering Defendant's criminal history category of IV, the Guidelines imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by submitting urine specimens on October 20, 2008; November 6, 2008; November 20, 2008; December 3, 2009; and September 29, 2009, that tested positive for marijuana. In exchange, the government agreed to recommend that Defendant serve 9 months with no additional supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Corey Dotson, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be at the Federal Correctional Institution in Texarkana, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge T. John Ward for adoption immediately upon issuance.

**So ORDERED and SIGNED this 21st day of December, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE